**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

**V.**                                                                            **CASE NO: 6:13-cr-150-Orl-36KRS**

**HUSEIN KERMALI**

---

**ORDER**

This cause comes before the Court on the Report and Recommendation of Magistrate Judge Karla R. Spaulding, filed on November 27, 2013 (Doc. 73). In the Report and Recommendation, the Magistrate Judge recommends that the Court deny Defendant Husein Kermali's ("Kermali") Motion to Suppress Evidence ("Motion to Suppress") (Doc. 52). Specifically, the Magistrate Judge rejected Kermali's arguments that: (1) the search warrant that provided the basis for the search of his residence lacked probable cause because it was not based on a sufficient nexus between his residence and the searched-for items; (2) the search warrant was overbroad and did not identify with particularity the items to be seized; and (3) the agents executing the search exceeded the scope of the warrant by seizing items not named in the warrant. *See* Doc. 73. Neither party has objected to the Report and Recommendation and the time to do so has expired.

The Court is in agreement with the Magistrate Judge that the Motion to Suppress should be denied because Kermali has not demonstrated an error in either the issuance or the execution of the search warrant. The Magistrate Judge who issued the search warrant[1] had a substantial basis for concluding that a search of Kermali's residence would uncover evidence of a violation of 18

---

[1] Magistrate Judge Spaulding issued the search warrant. *See* Doc. 52-2.

U.S.C. § 2314,[2] as the search warrant affidavit indicated that purchases and sales involving the allegedly fraudulently-obtained goods had been made from a computer with an IP address corresponding to Kermali's residence, which was also the registered address of a company that was purchasing the goods. *See* Doc. 54-1, ¶¶ 14, 55–60; *Illinois v. Gates*, 462 U.S. 213, 236–38 (1983) (holding that an issuing magistrate's probable cause determination will be upheld as long as the magistrate had a substantial basis for concluding that a search would uncover evidence of wrongdoing).

In issuing the Report and Recommendation, the Magistrate Judge also correctly determined that the search warrant was as particularized as possible considering the nature of the alleged conspiracy. *See United States v. Wuagneux*, 683 F.2d 1343, 1349 (11th Cir. 1982) ("It is universally recognized that the particularity requirement must be applied with a practical margin of flexibility, depending on the type of property to be seized, and that a description of property will be acceptable if it is as specific as the circumstances and nature of activity under investigation permit."). Finally, the Magistrate Judge correctly determined that the searching agents did not unlawfully exceed the scope of the search warrant in seizing items not described in the warrant, as Kermali and his brother admitted that the precious metals and firearms seized were purchased during the time of the alleged conspiracy, and were therefore likely "fruits" or commingled proceeds of the alleged criminal activity. *See* Transcript, Doc. 64 at 13–15, 23–24, 27. Therefore, after careful consideration of the Report and Recommendation of the Magistrate Judge, in conjunction with an independent examination of the court file, the Court is of the opinion that the

---

[2] 18 U.S.C. § 2314 prohibits the interstate transportation of stolen or fraudulently-obtained property having a value of $5,000 or more. *See* 18 U.S.C. § 2314.

Magistrate Judge's Report and Recommendation should be adopted, confirmed, and approved in all respects.

Accordingly, it is hereby **ORDERED**:

1. The Report and Recommendation of the Magistrate Judge (Doc. 73) is adopted, confirmed, and approved in all respects and is made a part of this Order for all purposes, including appellate review.

2. Defendant Husein Kermali's Motion to Suppress Evidence (Doc. 52) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on December 19, 2013.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties
United States Magistrate Judge Karla R. Spaulding

3